[Cite as *State v. Ellinger*, 2020-Ohio-555.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case Nos. 2019 CA 00015 and<br>2019 CA 00016 |
| BRITANY N. ELLINGER | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                                          Pleas, Case Nos.  2015 CR 00478 and
                                                          2016 CR 00070


JUDGMENT:                                      Reversed and Remanded


DATE OF JUDGMENT ENTRY:         February 18, 2020


APPEARANCES:

For Plaintiff-Appellee                       For Defendant-Appellant

BRIAN T. WALTZ                            THOMAS R. ELWING
ASSISTANT PROSECUTOR             60 West Columbus Street
239 West Main Street, Suite 101       Pickerington, Ohio  43147
Lancaster, Ohio  43130

*Wise, John, P. J.*

**{¶1}**   Appellant Britany N. Ellinger appeals from the decisions of the Fairfield County Court of Common Pleas imposing a prison term as a sanction for violating community control.

**{¶2}**   Appellee is State of Ohio.

### STATEMENT OF THE FACTS AND CASE

**{¶3}**   The undisputed facts and procedural history are as follows:

**{¶4}**   On December 11, 2015, in case 15-CR-478, a seven-count indictment was filed with the Fairfield County Common Pleas Court charging Appellant Britany N. Ellinger with five (5) felonies and two (2) misdemeanors.

**{¶5}**   On February 25, 2016, in case 16-CR-70, a bill of information was filed in the same court charging Ellinger with twelve additional felonies.

**{¶6}**   On March 1, 2016, the trial court conducted a combined plea and sentencing hearing on both cases. Pursuant to a negotiated plea agreement, certain charges were either amended, dismissed, or merged as allied offenses for purposes of sentencing. Ultimately, Ellinger was sentenced on two counts in case 15-CR-478 and six counts in case 16-CR-70 as follows:

15-CR-478

Count 1:   Burglary (F3) - 5 years community control sanctions

Count4:    Burglary (F3) - 5 years community control sanctions

16-CR-70

Count 1:   Burglary (F3) - 5 years community control sanctions

Count 3:   Burglary (F3) - 5 years community control sanctions

Count 6:     Burglary (F3) - 5 years community control sanctions

Count 8:     Burglary (F3) - 5 years community control sanctions

Count 10:   Burglary (F2) - 3 years in prison

Count 11:   Burglary (F3) - 5 years community control sanctions

**{¶7}** All eight of the above sentences were ordered to run consecutively and the five years of community control sanctions imposed on seven of the counts was ordered to begin upon Ellinger's release from prison on the three-year term imposed for Count 10 of case 16-CR-70.

**{¶8}** On March 30, 2017, the trial court granted judicial release on Count 10 and Ellinger began serving a five-year period of community control sanctions as to all eight counts for which she had been sentenced on the two cases.

**{¶9}** Ellinger would later appear before the trial court on February 26, 2018, and admit to violating the terms of community control. The matter was deferred for disposition until a hearing on March 8, 2018, where the trial court allowed Ellinger to remain on community control sanctions, but ordered her to complete an in-patient program at a community-based correctional facility.

**{¶10}** On March 4, 2019, Ellinger again appeared before the trial court and admitted to violating the terms of community control. This time, the trial court imposed a total prison sanction of seven (7) years. Twelve-month, consecutive prison terms were ordered on seven of the eight counts for which Ellinger was under community control. On the one remaining count, Count 10, of Case 16-CR-70, the trial court ordered that community control sanctions would continue after service of the seven-year prison term.

{¶11}  At a hearing conducted on March 4, 2019, the trial court found that Appellant had violated the terms of her community control sanctions. The trial court imposed a prison term as a sanction. Entries journalizing the revocation of community control and the imposition of a prison term were filed on March 8, 2019.

{¶12}  Ellinger now appeals from the decision of the trial court to revoke community control and impose a prison term, assigning the following errors for review:

**ASSIGNMENTS OF ERROR**

{¶13}  "I. THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE TRIAL COURT FAILED TO PROVIDE STATUTORILY REQUIRED NOTICE OF THE SPECIFIC PRISON TERM THAT MAY BE IMPOSED FOR A COMMUNITY CONTROL VIOLATION.

{¶14}  "II. THE TRIAL COURT ERRED IN IMPOSING A PRISON TERM AS A SANCTION FOR VIOLATING COMMUNITY CONTROL WHERE THE SENTENCE PLACING APPELLANT ON COMMUNITY CONTROL SANCTIONS WAS NOT AUTHORIZED BY STATUTE AND WAS THEREFORE VOID."

**II.**

{¶15} For purposes of judicial economy, we shall address Appellant's assignments of error out of order. In her second assignment of error, Appellant argues the trial court erred in imposing a prison term as a sanction for violating community control in this case. We agree.

{¶16} We begin by noting that Appellee concedes the trial court erred in sentencing Appellant to a term of community control to be served consecutively to a term of imprisonment.

**{¶17}** We previously approved sentences in which a trial court imposed community control consecutive to a prison term. In *State v. Hitchcock*, we determined that in a case in which a defendant is sentenced on three separate counts, a trial court may impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III). 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. *See also, State v. Williams*, 5th Dist. Fairfield No. 17-CA-43, 2018-Ohio-4580, ¶ 22, motion to certify allowed, 154 Ohio St.3d 1519, 2019-Ohio-768, 118 N.E.3d 257.

**{¶18}** The Ohio Supreme Court has now overruled our decision, determining as follows in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, at ¶ 24:

> Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. We accordingly * * * conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

**{¶19}** Therefore, we conclude that in the instant case, the trial court was not authorized to impose a term of community control consecutive to a term of imprisonment. Appellant's sentences are reversed and vacated, and this matter is remanded to the trial court for further proceedings.

**{¶20}** Appellant's first assignment of error is therefore sustained.

**II.**

**{¶21}** Based on our disposition of Appellant's second assignment of error and the need for resentencing in this matter, we decline to address Appellant's first assignment of error.

**{¶22}** We accordingly reverse the judgment of the Fairfield County Court of Common Pleas and remand this case to the trial court for resentencing consistent with this opinion. *Hitchcock*, *supra*, 2019-Ohio-3246 at ¶ 25.

**{¶23}** The judgment of the Fairfield County Court of Common Pleas is reversed and remanded for further proceeding consistent with the law and this opinion.

By: Wise, John, P. J.

Delaney, J., and

Wise, Earle, J., concur.

JWW/d 0206