[Cite as *State v. Bernhardt*, 2020-Ohio-1639.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2019 CA 0022 |
| MARY BERNHARDT | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:           Criminal Appeal from the Court of Commn
                                   Pleas, Case No. 2016 CR 0288


JUDGMENT:                          Reversed and Remanded



DATE OF JUDGMENT ENTRY:            April 22, 2020



APPEARANCES:

For Plaintiff-Appellee             For Defendant-Appellant

GARY BISHOP                        DALE MUSILLI
PROSECUTING ATTORNEY               105 Sturges Avenue
JOSEPH C. SNYDER                   Mansfield, Ohio  44902
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, John, P. J.*

{¶1} Appellant Mary Bernhardt appeals the February 21, 2019, decision of the Richland County Common Pleas Court revoking her community control and sentencing her to prison.

{¶2} Appellee is the state of Ohio.

<u>STATEMENT OF THE FACTS</u>

{¶3} For purposes of this Opinion, the relevant facts and procedural history are as follows:

{¶4} On July 12, 2016, Appellant was indicted by the Richland County Grand Jury in a thirteen (13) count indictment charging various drug trafficking and drug possession offenses.

{¶5} On August 29, 2016, Appellant entered pleas of guilty to Count Two, Four, Six, Nine, Ten, Eleven and Thirteen.

{¶6} On October 17, 2016, the trial court sentenced Appellant to a term of thirty (30) months on Count Six, concurrent to Count 10 and Count 14. On the remaining three counts, the trial court suspended five (5) years and placed Appellant on community control for four (4) years to begin upon her release from prison. The trial court did not state how much time was being suspended on each count.

{¶7} On February 11, 2019, a probation violation was filed against Appellant.

{¶8} On February 21, 2019, Appellant entered admissions to Violations One Two, Four, and Five.

{¶9} Upon revocation of the community control, the trial court further sentenced Appellant to a 12-month prison term on Count 2, possession of heroin, a fourth degree

felony; a 12-month prison term on Count 4, possession of cocaine, a fifth degree felony; and a 24-month prison term on Count 1, having a weapon under disability, a third degree felony. The trial court ordered the sentences to run consecutively for an aggregate prison term of 48 months.

{¶10} Appellant now appeals, raising the following errors for review:

ASSIGNMENTS OF ERROR

{¶11} "I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO COMMUNITY CONTROL TO BE SERVED CONSECUTIVE TO A PRISON TERM ON SEPARATE FELONIES IN THE SAME CASE, PURSUANT TO *STATE V. HITCHCOCK*, SLIP OPINION, 2019-OHIO-3246.

{¶12} "II. THE TRIAL COURT ERRED BY FAILING TO PROVIDE STATUTORILY COMPLIANT POST-RELEASE CONTROL NOTIFICATION WHEN IT SENTENCED THE DEFENDANT TO A PRISON TERM SUBSEQUENT TO A REVOCATION OF COMMUNITY CONTROL, THEREBY VIOLATING THE DEFENDANT'S DUE PROCESS AND EQUAL PROTECTION RIGHTS UNDER THE OHIO CONSTITUTION, ARTICLE I, SECTION 16 AND THE UNITED STATES CONSTITUTION FIFTH AND FOURTEENTH AMENDMENTS.

{¶13} "III. THE TRIAL COURT ERRED WHEN IT IMPOSED A "SENTENCING PACKAGE" IN A SINGLE 4-YEAR PERIOD OF COMMUNITY CONTROL ON DEFENDANT'S MULTIPLE CONVICTIONS FOR HER COUNT 2, COUNT 4, AND COUNT 11 OFFENSES, WHICH CONSTITUTES A PROHIBITED, VOID, AND CONTRARY TO LAW SENTENCE PURSUANT TO *STATE V. SAXON*, 109 OHIO ST.3D 176 (2006).

**{¶14}** "IV. THE TRIAL COURT'S IMPOSITION OF A 12-MONTH PRISON TERM ON DEFENDANT'S COUNT 2, FOURTH DEGREE FELONY AND A 12-MONTH PRISON TERM ON DEFENDANT'S COUNT 4, A FIFTH DEGREE FELONY FOR 'TECHNICAL VIOLATIONS' OF HER COMMUNITY CONTROL IS VOID AND CONTRARY TO LAW BECAUSE IT EXCEEDS THE 180-DAY AND 90-DAY MAXIMUM PRISON TERM; RESPECTIVELY, ALLOWED UNDER R.C. 2929.15(B)(1)(C)(I) AND (II)."

**I.**

**{¶15}** In her first assignment of error, Appellant argues the trial court erred in sentencing her to community control sanction to be served consecutive to a term of prison. We agree.

**{¶16}** We begin by noting that Appellee concedes the trial court erred in sentencing Appellant to a term of community control to be served consecutively to a term of imprisonment.

**{¶17}** This Court has previously approved sentences in which a trial court imposed community control consecutive to a prison term. In *State v. Hitchcock*, we determined that in a case in which a defendant is sentenced on three separate counts, a trial court may impose two sixty-month prison terms, consecutive to each other (Counts I and II), and consecutive to a term of community control (Count III). 5th Dist. Fairfield No. 16-CA-41, 2017-Ohio-8255, appeal accepted, 152 Ohio St.3d 1405, 2018-Ohio-723, 92 N.E.3d 877. *See also*, *State v. Williams*, 5th Dist. Fairfield No. 17-CA-43, 2018-Ohio-4580, ¶ 22, motion to certify allowed, 154 Ohio St.3d 1519, 2019-Ohio-768, 118 N.E.3d 257.

**{¶18}** The Ohio Supreme Court has now overruled our decision, determining as follows in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164, at ¶ 24:

> Because no provision of the Revised Code authorizes trial courts to impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count, we must conclude that trial courts may not do so. We accordingly * * * conclude that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count.

**{¶19}** Therefore, we conclude that in the instant case, the trial court was not authorized to impose a term of community control consecutive to a term of imprisonment. Appellant's sentences are reversed and vacated, and this matter is remanded to the trial court for further proceedings.

**{¶20}** Appellant's first assignment of error is therefore sustained.

## II.

**{¶21}** In her second assignment of error, Appellant argues the trial court erred in failing to inform her regarding post-release control. We agree.

**{¶22}** Again, Appellee concedes the trial court erred in failing to inform Appellant regarding post-release control.

**{¶23}** Upon review, we find the trial court, did not impose or mention post-release control ("PRC") in either the sentencing hearing or the sentencing entry.

{¶24} A trial court is required to give notice of post-release control both at the sentencing hearing and by incorporating it into the sentencing entry. *State v. Provens*, 5th Dist. Stark No. 2011CA00089, 2011-Ohio-5197, ¶ 13. In *State v. Fischer,* 128 Ohio St.3d 92, 2010–Ohio–6238, the Ohio Supreme Court held in pertinent part that "[a] sentence that does not include the statutorily mandated term of post-release control is void *** and may be reviewed at any time, on direct appeal or by collateral attack." *Id.,* at paragraph one of the syllabus.

{¶25} Upon remand to the trial court for sentencing, the trial court shall also address Appellant in regard to his post-release control sanction. *State v. Smith*, 5th Dist. Fairfield No. 14-CA-18, 2014-Ohio-4657, ¶ 26.

{¶26} Appellant's second assignment of error is sustained.

### III.

{¶27} In his third assignment of error, Appellant argues the trial court erred in imposing a "sentencing package" or "lump sum" sentence of 48 months on Counts 2, 4 and 11. We agree.

{¶28} Again, the State concedes the trial court erred in imposing a "lump sum" sentence on Counts 2, 4 and 11.

{¶29} In *State v.* Saxon, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824 the Ohio Supreme Court held that the Ohio felony sentencing statutes do not allow for "sentencing packages," i.e., the imposition of one overarching sentence for multiple offenses. *Id.* at ¶ 8. Judges must consider each offense separately and impose a separate sentence for each offense. *Id.* at ¶ 9. "[A] sentence is the sanction or combination of sanctions imposed for each separate, individual offense." *Id.* at paragraph one of the

syllabus. As community control sanctions are criminal penalties subject to Ohio's felony sentencing statutes, pursuant to R.C. 2929.15, they must also be imposed individually for each offense. *State v. Edwards*, 11th Dist. Geauga No. 2017-G-0122, 2018-Ohio-2462, ¶17, and *State v. Armstrong*, 11th Dist. Trumbull No. 2015-T-0131, 2017-Ohio-8801, ¶ 27, citing *State v. Williams*, 3d Dist. Hancock No. 5-10-02, 2011-Ohio-995, ¶ 21. Therefore, when a trial court imposes community control sanctions on multiple charges in a "sentencing package" rather than individually, the sentence is contrary to law. *State v. Crenshaw*, 11th Dist. Lake No. 2018-L-121, 2019-Ohio-3840, ¶18.

**{¶30}** Upon review, we find the trial court did not consider each offense separately and impose a separate sentence for each offense.

**{¶31}** We therefore vacate this portion of Appellant's sentence and remand the matter to the trial court for re-sentencing.

**{¶32}** Appellant's third assignment of error is sustained.

**IV**.

**{¶33}** Based on our disposition of Appellant's other assignments of error and the need for resentencing in this matter, we decline to address Appellant's fourth assignment of error.

{¶34} Accordingly we reverse the judgment of the Richland County Court of Common Pleas and remand this case to the trial court for resentencing consistent with the law and this opinion.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/d 0421