[Cite as *State v. Thompson*, 2020-Ohio-6756.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                    :

     Plaintiff-Appellee,          :            No. 19AP-359
                                                     (C.P.C. No. 09CR-1170)
v.                                :
                                              (REGULAR CALENDAR)
David A. Thompson,                :

     Defendant-Appellant.         :

---

D E C I S I O N

Rendered on December 17, 2020

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Kimberly M. Bond*, for appellee.

**On brief**: *Yeura R. Venters*, Public Defender, and *Ian J. Jones*, for appellant. **Agued**: *Ian J. Jones*.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, J.

{¶ 1} Defendant-appellant, David A. Thompson, appeals from a judgment of the Franklin County Court of Common Pleas restoring him to community control. For the reasons which follow, we affirm.

{¶ 2} By indictment filed February 27, 2009, plaintiff-appellee, State of Ohio, charged appellant with 23 felony counts, including charges of engaging in a pattern of corrupt activity, tampering with records, money laundering, forgery, and filing incomplete, false, and fraudulent tax returns. The charges arose from appellant's alleged actions during his tenure as pastor of the World of Pentecost Church (the "church"). Following a bench trial, the trial court acquitted appellant of one count of engaging in a pattern of corrupt

activity and found appellant guilty of the lesser-included offense of second-degree felony theft on a count charging first-degree felony theft. The court found appellant guilty of the remaining counts charged in the indictment.

{¶ 3} On December 8, 2010, the trial court issued its judgment entry imposing sentence. The court sentenced appellant to "a period of Community Control for Five (5) YEARS" on Counts 1 and 3 of the indictment and notified appellant that he would "serve a prison sentence of Six (6) Years" if he violated his community control. (Dec. 8, 2010, Sentencing Entry at 2-3.) The court sentenced appellant to a 5-year term of imprisonment on Counts 4 through 16, and a 12-month term of imprisonment on Counts 17 through 23. The court ordered Counts 1 and 3 to run concurrent to each other and Counts 4 through 23 to run concurrent to each other but ordered Counts 1 and 3 to be served consecutive to Counts 4 through 23. The court specified that the 5-year term of community control would "begin[] upon release from Ohio Department of Rehabilitation and Correction." (Dec. 8, 2010 Sentencing Entry at 3.) The court ordered appellant to pay restitution to the church in the amount of $733,048.86.

{¶ 4} Appellant appealed his conviction and sentence. In *State v. Thompson*, 10th Dist. No. 10AP-1004, 2011-Ohio-5169, this court affirmed the judgment of conviction but reversed and remanded for the trial court to reduce the amount of restitution. Appellant did not raise any issue concerning his sentence to a consecutive term of community control in his direct appeal.

{¶ 5} On November 12, 2014, appellant filed an R.C. 2929.20 motion for judicial release. Following a January 16, 2015 hearing on the motion, the trial court issued an entry granting appellant's motion for judicial release on January 20, 2015. The court stated in the entry that the "remainder of the Eleven (11) Years (Five years Prison and Six years suspended for Community Control)" was "suspended and Defendant [was] placed on Community Control for a period of Five (5) years under Intensive Supervision." (Jan. 20, 2015 Entry Granting Mot. for Judicial Release at 1-2.) The court imposed community control sanctions and ordered appellant to pay his court costs and restitution to the church in the amount of $625,727.86.

{¶ 6} On March 13, 2019, appellant's probation officer filed a statement of violations with the court. The statement alleged that appellant had violated his community

control by failing to pay his court costs or make appropriate payments toward restitution. The trial court held a community control revocation hearing on April 26, 2019. Appellant's counsel argued at the hearing that appellant's sentence to a consecutive term of community control following a prison term was "contrary to law." (Apr. 26, 2019 Hearing Tr. at 7.) Appellant stipulated to the alleged community control violations.

{¶ 7}   On May 2, 2019, the trial court issued an entry finding appellant "to be in violation" of his community control but concluding that appellant's community control "need not be revoked at this time." (May 2, 2019 Entry.) The trial court "restored [appellant] to Community Control," stating that all "conditions of Community Control imposed on 1/16/2015 shall remain in effect" and that appellant's community control termination date was "1/16/2020." (May 2, 2019 Entry.)[1]

{¶ 8}   Appellant appeals from the May 2, 2019 entry, assigning the following error for our review:

> Appellant was erroneously sentenced to a period of Community Control on one felony count to be served consecutively to his five year prison sentence on another felony count.

{¶ 9}   In his sole assignment of error, appellant argues his sentence in Counts 1 and 3 to a term of community control "was erroneously imposed consecutive to his prison term on the remaining counts." (Appellant's Brief at 5.) Appellant relies on *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, to support his argument. In *Hitchcock*, the Supreme Court of Ohio held that "unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count." *Id.* at ¶ 1.

{¶ 10} Appellant further contends, relying on *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, *overruled on other grounds*, *State v. Harper*, ___ Ohio St.3d ___, 2020-Ohio-2913, that because his sentence to a consecutive term of community control was not authorized by statute, his sentence is void and subject to attack at any time. (Appellant's Brief at 8-9.) *Fischer* held that a sentence which "is not in accordance with statutorily mandated terms is void," and that "void sentences are not precluded from appellate review

---

[1] Following a December 20, 2019 revocation hearing, the trial court revoked appellant's community control and imposed sentence in a July 10, 2020 entry. Appellant has filed an appeal from the July 10, 2020 entry. However, that revocation and subsequent appeal are not before us in the present appeal.

by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack." *Id.* at ¶ 8, 40.

{¶ 11} Appellant's contention that the trial court's alleged sentencing error rendered his sentence void and subject to collateral attack lacks merit. The Supreme Court recently "realign[ed]" its void sentence jurisprudence and returned to "the traditional understanding of what constitutes a void judgment." *Harper* at ¶ 4. Thus, "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42. When a sentencing court has jurisdiction to act, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack." *Id.* at ¶ 5. *See State v. Henderson*, ___ Ohio St.3d ___, 2020-Ohio-4784, ¶ 1 (following *Harper* to hold that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing the sentence has jurisdiction over the case and the defendant"). "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Henderson* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus. *Accord Harper* at ¶ 41, citing *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, ¶ 7 (concluding that, because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was "now barred by the doctrine of res judicata"); *State v. Hudson*, ___ Ohio St.3d ___, 2020-Ohio-3849, ¶ 16.

{¶ 12} The trial court possessed subject-matter jurisdiction over appellant's case and personal jurisdiction over appellant. *See Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8 (stating that " 'a common pleas court has subject-matter jurisdiction over felony cases' "); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the trial court's jurisdiction rendered appellant's sentence voidable, not void. *See State v. Pettus*, 1st Dist. No. C-190678, 2020-Ohio-4449, ¶ 18.

{¶ 13} Appellant could have, but did not, raise an argument regarding his sentence to a consecutive term of community control in his direct appeal. *See State v. Reynolds*, 79

Ohio St.3d 158, 161 (1997); *State v. Szefcyk*, 77 Ohio St.3d 93, 95 (1996); *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 13. As appellant's sentence was voidable, res judicata bars appellant's claims in the present appeal.

{¶ 14} Based on the foregoing, appellant's sole assignment of error is overruled. Having overruled appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

SADLER, P.J., and LUPER SCHUSTER, J., concur.

_____