[Cite as *State v. Christy*, 2021-Ohio-1470.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 20-CA-29 |
| | : | |
| KEVIN CHRISTY | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Fairfield County Court
of Common Pleas, Case No. 08-CR-
0186


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      April 22, 2021


APPEARANCES:

For Plaintiff-Appellee:                 For Defendant-Appellant:

R. KYLE WITT                            ANDREW T. SANDERSON
FAIRFIELD CO. PROSECUTOR                738 East Main St.
DARCY T. COOK                           Lancaster, OH 43130
239 West Main St., Suite 101
Lancaster, OH 43130

*Delaney, J.*

{¶1} Appellant Kevin Christy appeals from the June 30, 2020 Entry of the Fairfield County Court of Common Pleas. Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} A statement of the facts underlying appellant's criminal convictions is not necessary to our resolution of this appeal. The instant case has a long procedural history and this summary cites those events relevant to this appeal.

{¶3} In 2008, appellant entered pleas of guilty to two counts of an indictment: Count III, abduction, a felony of the third degree, and Count IV, aggravated burglary, a felony of the first degree. The trial court sentenced appellant to a prison term of four years upon Count III and a community-control term of five years upon Count IV, with eight years suspended. The community-control term was to run consecutively to the prison term.

{¶4} No direct appeal was filed from appellant's convictions and sentences.

{¶5} On January 4, 2012, appellant completed his prison term, was released into the community, and began reporting to a community-control officer.

{¶6} Appellant stopped reporting in 2014.

{¶7} On February 3, 2015, a motion to revoke appellant's community control was filed. The motion to revoke indicated appellant absconded to Florida, where he was charged with aggravated assault with a firearm, domestic battery, battery, and domestic battery by strangulation. Appellant was convicted and served four years in prison in Florida, from 2014 to 2018.

{¶8} On February 27, 2017, appellant filed a motion to dismiss. The trial court denied the motion.

{¶9} Appellant appeared before the trial court on November 27, 2018, and revocation proceedings were initiated again. A revocation hearing was scheduled for January 25, 2019. Appellant objected to the revocation proceedings, the trial court overruled the objection, and disposition hearings were scheduled and rescheduled several times.

{¶10} Ultimately, appellant appeared before the trial court on March 8, 2019, and admitted violating the terms of community control. Appellant moved the trial court to continue disposition to permit him to return to Florida to address a "pending matter" there. Appellant confirmed the oral motion to continue with a written motion filed March 13, 2019. Appellant repeatedly acknowledged the disposition was continued at his request and tolled the revocation proceedings such that the delay would not result in dismissal of the revocation proceedings.

{¶11} On March 21, 2019, appellant appeared before the trial court and entered an admission to the revocation allegations. Appellant asked the trial court to continue community control; appellee asked for appellant's community control to be revoked or for appellant to be sent to a community-based correctional facility (CBCF). The trial court continued the community control, put appellant on electronically-monitored house arrest, and continued his bond.

{¶12} Appellant was ordered to complete a CBCF term and was transported to one on or around April 23, 2019. He was unsuccessfully terminated from the CBCF in June 2019.

{¶13} On June 28, 2019, the trial court revoked appellant's community control and imposed the balance of the sentence from Count IV.

{¶14} Appellant did not appeal from the revocation of community control or the imposition of sentence upon Count IV.

{¶15} On March 12, 2020, appellant filed a motion to vacate the sentence.

{¶16} On June 8, 2020, appellant filed a Renewed Motion to Vacate Sentence.

{¶17} The trial court overruled the motion to vacate sentence on June 30, 2020. Appellant now appeals from the trial court's Entry Overruling Defendant's Motion to Vacate Sentence and Revocation Disposition of June 30, 2020.

{¶18} Appellant raises one assignment of error:

## ASSIGNMENT OF ERROR

{¶19} "THE TRIAL COURT COMMITTED HARMFUL ERROR IN FAILING TO DISMISS THE REVOCATION PROCEEDINGS AGAINST THE DEFENDANT-APPELLANT."

## ANALYSIS

{¶20} Appellant argues the trial court erred in failing to grant his motions to dismiss the revocation proceedings. We disagree.

{¶21} Appellant first argues the trial court lost jurisdiction over him because his term of supervision expired prior to the initiation of revocation proceedings. Brief, 5. We find this argument unavailing. The community-control term was tolled in 2015 upon the filing of a capias and a motion to revoke. The issuance of a capias tolls the running of the probationary period. *State v. Dawson*, 5th Dist. Holmes No. 17CA021, 2018-Ohio-2685, ¶ 16, citing *Rash v. Anderson*, 80 Ohio St.3d 349, 350, 686 N.E.2d 505 (1997);

R.C. 2951.07. Appellant admittedly absconded to Florida, where he committed additional criminal offenses and was sentenced to a 4-year prison term. Moreover, in March 2019, appellant appeared before the trial court, requested tolling of the community-control term, and stipulated to the tolling of community control while he was in Florida. T. 4.

{¶22} The premise underlying appellant's argument is the trial court imposed a void sentence in 2008 because he was sentenced to a term of community control consecutive to a prison term. The Ohio Supreme Court has now held that unless otherwise authorized by statute, a trial court may not impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count. See, *State v. Paige*, 153 Ohio St.3d 214, 2018-Ohio-813, 103 N.E.3d 800; *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d 164.

{¶23} We find, however, that appellant's sentence was voidable, not void. Appellant's contention that the trial court's alleged sentencing error rendered his sentence void and subject to collateral attack lacks merit. The Supreme Court recently "realign[ed]" its void sentence jurisprudence and returned to "the traditional understanding of what constitutes a void judgment." *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 4. Thus, "[a] sentence is void when a sentencing court lacks jurisdiction over the subject-matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42.

{¶24} When a sentencing court has jurisdiction to act, however, sentencing errors render the sentence "voidable, not void, and [the sentence] is not subject to collateral attack." *Id.* at ¶ 5. *See State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, ¶ 1 (following *Harper* to hold that "sentences based on an error, including sentences in which a trial court fails to impose a statutorily mandated term, are voidable if the court imposing

the sentence has jurisdiction over the case and the defendant"). "[I]f a judgment is voidable, the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court." *Henderson* at ¶ 19, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. *Accord Harper* at ¶ 41, citing *State v. Were*, 120 Ohio St.3d 85, 2008-Ohio-5277, ¶ 7, 896 N.E.2d 699 (concluding that, because the defendant could have, but did not, raise a claimed sentencing error on direct appeal, the error was "now barred by the doctrine of res judicata"); *State v. Hudson*, 161 Ohio St.3d 163, 2020-Ohio-3849, ¶ 16.

{¶25} Appellee concedes, therefore, appellant's sentence was contrary to *Hitchcock* but contends appellant's argument is barred by the doctrine of res judicata because he did not raise the error in a direct appeal. We agree. *State v. Hall*, 11th Dist. Trumbull No. 2020-T-0031, 2021-Ohio-791, ¶ 22 [appellant barred from collateral attack on sentence based on *Hitchcock* when appellant failed to file direct appeal].

{¶26} We conclude the trial court possessed subject-matter jurisdiction over appellant's case and personal jurisdiction over appellant. *See Harper* at ¶ 25, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, ¶ 8, 131 N.E.3d 1 (stating that "'a common pleas court has subject-matter jurisdiction over felony cases'"); *Henderson* at ¶ 36, citing *Tari v. State*, 117 Ohio St. 481, 490, 159 N.E. 594 (1927) (noting that "[i]n a criminal matter, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the trial court's jurisdiction rendered appellant's

sentence voidable, not void. *State v. Thompson*, 10th Dist. Franklin No. 19AP-359, 2020-Ohio-6756, ¶ 12.

{¶27} Appellant could have, but did not, raise an argument regarding his sentence to a consecutive term of community control in a direct appeal. *See State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131 (1997); *State v. Szefcyk*, 77 Ohio St.3d 93, 95, 671 N.E.2d 233 (1996); *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807, ¶ 13. As appellant's sentence was voidable, res judicata bars appellant's claims in the present appeal. *Thompson*, supra, 2020-Ohio-6756, ¶ 13.

{¶28} Upon review, we find the trial court did not err in overruling appellant's motion to vacate his sentence. Appellant's sole assignment of error is overruled.

## CONCLUSION

{¶29} Appellant's sole assignment of error is overruled and the judgment of the Fairfield County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.