[Cite as *State v. Robey*, 2021-Ohio-3884.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2021-CA-00010 |
| SHAWN L. ROBEY | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:     Criminal appeal from the Fairfield County Court of Common Pleas, Case No. 2012-CR-00480

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     November 1, 2021

APPEARANCES:

For Plaintiff-Appellee

R. KYLE WITT
Fairfield County Prosecutor
MARK A. BALAZIK
Assistant Prosecutor
239 West Main Street, Suite 101
Lancaster, OH 43130

For Defendant-Appellant

THOMAS R. ELWING
60 West Columbus Street
Pickerington, OH 43147

*Gwin, J.,*

{¶1} Appellant Shawn Robey appeals from the February 16, 2021 judgment entry of the Fairfield County Court of Common Pleas. Appellee is the State of Ohio.

*Facts & Procedural History*

{¶2} In October of 2012, the grand jury returned an eight-count indictment charging appellant with the following: two counts of kidnapping, felonies of the first degree, two counts of abduction, felonies of the third degree, one count of violating a protection order, a felony of the third degree, two counts of domestic violence, felonies of the fourth degree, and one count of harassment by a bodily substance, a felony of the fifth degree.

{¶3} Appellee moved to dismiss the kidnapping and abduction counts in a plea agreement whereby appellant would enter guilty pleas to the remaining five counts. In addition, the trial court merged Count VI (domestic violence) with Count V (violating a protection order) for purposes of sentencing.

{¶4} The trial court sentenced appellant as follows: Count IV (abduction) – thirty-six months in prison, suspended for five years of community control; Count V (violating a protection order), thirty-six months in prison; Count VII (domestic violence) – fourteen months in prison; and Count VIII (harassment by a bodily substance) – twelve months in prison. The trial court ordered that the prison terms on counts four, five, seven, and eight be served consecutively. As to Count IV (abduction), the trial court suspended the prison term and placed appellant on five years of community control to begin upon his release from prison on counts five, seven, and eight. The sentence, including the split sentence on Count IV, was a joint recommendation of the parties that the trial court imposed.

{¶5} The trial court issued a judgment entry of conviction and sentence on December 10, 2013. Appellant did not appeal his conviction or sentence. On August 17, 2017, appellant completed his prison sentence and began his five-year community control sentence.

{¶6} Appellant's probation officer filed a motion to revoke his probation in August of 2018 and listed the following violations: being charged with resisting arrest; failing to report to his probation officer for three months; testing positive for methamphetamines; and drinking alcohol. In September of 2018, the trial court found appellant violated the terms and conditions of his community control, and ordered that community control be continued with the new requirement that appellant complete a community-based correctional facility program. Appellant did not appeal the trial court's judgment entry.

{¶7} On June 1, 2020, appellant's probation officer filed a motion to revoke his probation and listed the following violations: failure to report for eighty days; failure to report to his counselor; and refusal to complete a drug screen. Appellant's probation officer filed an amended motion on June 16, 2020 to include an additional violation for a theft charge. Appellant's probation officer filed a second amended motion to revoke in August of 2020 to include the additional violations of failure to obey the law due to two felony cases that included two counts of aggravated possession of drugs, one count of possession of drug paraphernalia, and one count of resisting arrest.

{¶8} At a hearing conducted on January 19, 2021, appellant entered an admission to the revocation allegations. The trial court found appellant violated the terms and conditions of his community control. The trial court set a sentencing hearing for February 16, 2021. With respect to the new charges, appellee agreed to dismiss one

count of aggravated possession of drugs, and a plea agreement was reached for the remaining counts. Appellant would plead guilty to the remaining counts (aggravated possession of drugs, possession of drug paraphernalia, and resisting arrest) and receive a joint-sentence recommendation for a six-month prison term to be served consecutive to any prison time imposed on this case for the violation of community control.

{¶9} On the date of the sentencing hearing, counsel for appellant filed a "memorandum asserting lack of authority to impose term of imprisonment," arguing the trial court did not have the statutory authorization to revoke appellant's community control and impose a prison term because appellant's original community control term was not authorized by law.

{¶10} The trial court issued an entry on February 16, 2021 revoking appellant's community control and imposing the balance of the sentence (thirty-six-month prison term) from Count IV.

{¶11} Appellant appeals from the February 16, 2021 judgment entry of the Fairfield County Court of Common Pleas and assigns the following as error:

{¶12} "I. THE TRIAL COURT ERRED IN FINDING THAT IT HAD AUTHORITY TO CONDUCT REVOCATION PROCEEDINGS AND IMPOSE A PRISON TERM FOR APPELLANT'S VIOLATIONS OF COMMUNITY CONTROL."

I.

{¶13} Appellant argues the trial court committed error in finding it had the authority to conduct revocation proceedings and impose a prison term for appellant's violations of community control because appellant's original sentence violated the Ohio Supreme Court's ruling in *State v. Hitchcock*, 157 Ohio St.3d 215, 2019-Ohio-3246, 134 N.E.3d

164, that a trial court lacks the statutory authority to impose a community control sanction on one felony count to run consecutive to a prison term on another felony count.

{¶14} Appellee concedes appellant's sentence was contrary to *Hitchcock*, but contends appellant's argument is barred by the doctrine of res judicata because he did not raise the error in a direct appeal. We agree.

{¶15} Prior to the Ohio Supreme Court's recent rulings in *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, and *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, and in accordance with the Ohio Supreme Court's jurisprudence at the time, this Court vacated sentences imposed for violations of community control when the State of Ohio conceded the original sentences were void because they imposed community control sanctions consecutive to a term of imprisonment. *State v. Ellinger*, 5th Dist. Fairfield Nos. 2019 CA 00015 and 2019 CA 00016, 2020-Ohio-555; *State v. Grabovich*, 5th Dist. Fairfield No. 2019 CA 00042, 2020-Ohio-2730; *State v. Bernhardt*, 5th Dist. Richland No. 2019 CA 0022, 2020-Ohio-1639.

{¶16} However, in *Harper*, the Ohio Supreme Court "realigned" its void versus voidable jurisprudence, overruled numerous cases, and held that "when a case is within the court's subject matter jurisdiction and the accused is properly before the court, any error in the exercise of that jurisdiction in imposing post-release control renders the court's judgment voidable, permitting the sentence to be set aside if the error has been successfully challenged on direct appeal." 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248. The Supreme Court reaffirmed its position in *Henderson*, specifically stating that *Harper* applied to cases in which a trial court deviates from a statutory mandate, not just cases involving the imposition of post-release control. *Id.* The Court stated it was

time to return to a "clear, traditional" understanding of what constitutes a void sentence in order to "remove confusion" and "restore predictability and finality to trial court judgments and criminal sentences." *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. Thus, "a judgment or sentence is void only if it is rendered by a court that lacks subject matter jurisdiction over the case or personal jurisdiction over the defendant. If the court has jurisdiction over the case and the person, any sentence based on an error in the court's exercise of jurisdiction is voidable." *Id.*

{¶17} After *Harper* and *Henderson*, this Court decided a case with facts analogous to those in this case. In *State v. Christy*, the appellant was previously sentenced to a community control term to run consecutive to a prison term. 5th Dist. Fairfield No. 20-CA-29, 2021-Ohio-1470. The appellant did not file a direct appeal of his conviction or sentences. *Id.* The appellant completed his prison term and was placed on community control. *Id.* The appellant admitted to violating community control, but argued he could not be sentenced to prison time for violating community control because his original sentence was not authorized by statute. *Id.* We found that, pursuant to *Harper* and *Henderson*, the appellant's sentence was voidable, not void. *Id.* Further, that because the appellant did not raise his argument in a direct appeal, his argument was barred by the doctrine of res judicata. *Id.* The appellant appealed to the Ohio Supreme Court. The Supreme Court declined jurisdiction in *State v. Christy*, 164 Ohio St.3d 1405, 2021-Ohio-2742, 172 N.E.3d 162.

{¶18} Other districts addressing this issue have also found a defendant must raise this argument in a direct appeal; otherwise, res judicata bars the claim. *State v. Thompson*, 10th Dist. Franklin No. 19AP-359, 2020-Ohio-6756; *State v. Hedges*, 11th

Dist. Lake No. 2019-L-135, 2020-Ohio-4528, appeal not allowed 160 Ohio St.3d 1509, 2020-Ohio-6835, 159 N.E.3d 1158; *State v. Hall*, 11th Dist. Trumbull No. 2020-T-0031, 2021-Ohio-791; *State v. Pettus*, 1st Dist. Hamilton No. C-190678, 2020-Ohio-4449.

{¶19} Appellant contends that *Christy* is not dispositive in this case, despite the similarities in the factual scenarios, because the appellant in *Christy* failed to assert the argument appellant in this case asserts:  that his appeal is not a collateral attack on the sentence imposed in 2013, but is a timely direct appeal of the thirty-six-month prison term imposed by the trial court on February 16, 2021; thus, res judicata does not apply.

{¶20} However, courts have recognized that an appeal from a community-control-revocation hearing "is not a direct appeal from a defendant's original conviction" and that "res judicata precludes appellate review in such an appeal of issues that could have been raised in a direct appeal."  *State v. Turner*, 8th Dist. Cuyahoga No. 106123, 2018-Ohio-2730; *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031; *State v. Fields*, 5th Dist. Richland No. 2012-CA-011, 2012-Ohio-4808, appeal not allowed, 134 Ohio St.3d 1471, 2013-Ohio-553, 983 N.E.2d 369.

{¶21} Appellant cites the Ohio Supreme Court's decision in *State v. Howard*, 162 Ohio St.3d 314, 2020-Ohio-3195, 165 N.E.3d 1088, in support of his argument.  In the *Howard* case, the Supreme Court cited *State v. Fraley*, 105 Ohio St.3d 13, 2004-Ohio-7110, 821 N.E.2d 995, which stated a court sentencing an offender at a revocation hearing sentences the offender "anew." Appellant argues that because the Supreme Court used this language in *Howard*, his appeal is a direct appeal rather than a collateral attack.

{¶22} However, *Howard* addressed only whether a trial court was required to make consecutive-sentences findings at a hearing at which it revoked a defendant's community control and whether a trial court was required to notify an appellant of the potential prison term before it imposed this term at a revocation hearing. *Id.* The Supreme Court held the trial court was required to make consecutive sentence findings when it revoked community control. *Id.* Thus, the defendant was not required to challenge the lack of consecutive sentences findings on direct appeal from the initial sentencing. *Id.*

{¶23} In *Howard*, the Supreme Court did not consider whether a defendant can argue at a revocation hearing, for the first time, that he could not be sentenced to prison time for violating community control because his original sentence was not authorized by law. The context of the use of the quote from *Fraley* was for the sole purpose of addressing when a defendant has been given sufficient notice of the specific prison terms a trial court could impose before a trial court revoked community control and imposed a prison term. There is nothing in the record in this case, nor does appellant argue, that the trial court failed to provide him with such notice. See also *State v. McClurg*, 5th Dist. Richland No. 2017 CA 0098, 2020-Ohio-4228 (stating *Howard* addressed the issue of whether appellant "received sufficient notice of the specific prison terms that the trial court could impose before the court revoked his community control sentence and imposed the prison terms").

{¶24} We additionally note that the holding by the Ohio Supreme Court regarding the reversion to the "traditional" understanding of void versus voidable jurisprudence in *Henderson* was issued in October of 2020, several months after the *Howard* decision.

Further, *Howard* was issued six months prior to our decision in *Christy*, the case analogous to the instant case. The Ohio Supreme Court declined jurisdiction of *Christy* in August of 2021. Accordingly, we find *Henderson* and *Christy* are controlling in this case.

{¶25} As the Supreme Court stated in *Henderson*, "a voidable judgment has the force of a valid legal judgment, regardless of whether it was right or wrong. The failure to timely – at the earliest opportunity – assert an error in a voidable judgment, even if that error is constitutional in nature, amounts to the forfeiture of any objection." 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776. As held by this Court in *Christy*, the "earliest opportunity" for appellant to assert his argument that the original sentence imposing community control sanctions was not authorized by statute and thus contrary to law was in a direct appeal from the December 10, 2013 judgment entry. 164 Ohio St.3d 1405, 2021-Ohio-2742, 172 N.E.3d 162.

{¶26} Appellant also cites the Ohio Supreme Court case of *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, for the proposition that the Supreme Court makes a distinction between "authority" and "jurisdiction." Thus, appellant contends that even if the trial court had jurisdiction in this case, it did not have the "authority" to sentence him because the sentence deviates from a statutory mandate. However, in *Rue*, the Supreme Court considered and ruled on the narrow issue of whether a trial court lacks the authority to revoke a defendant's community control and sentence when the revocation proceedings are not commenced before the expiration of his or her community control term. *Id.* Though appellant attempts to frame his challenge as a challenge to the trial court's "authority" rather than its "jurisdiction," the Supreme Court has previously

stated that "the revocation of community control is an exercise of the sentencing court's criminal jurisdiction." *State v. Heinz*, 146 Ohio St.3d 374, 2016-Ohio-2814, 56 N.E.3d 965.

{¶27} Further, in *Rue*, the Supreme Court specifically cited and reaffirmed its ruling in *Harper* that so long as the sentencing court had jurisdiction over the subject matter of the case and the defendant, any error in the court's exercise of its judicial power would render the judgment voidable under appellate review. *Id.*

{¶28} We conclude the trial court possessed subject-matter jurisdiction over appellant's case and personal jurisdiction over appellant. See *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, quoting *Smith v. Sheldon*, 157 Ohio St.3d 1, 2019-Ohio-1677, 131 N.E.3d 1 (stating that "a common pleas court has subject-matter jurisdiction over felony cases"); *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, citing *Tari v. State*, 117 Ohio St. 481, 159 N.E. 594 (1927) (noting that "[i]n a criminal matters, the court acquires jurisdiction over a person by lawfully issued process, followed by the arrest and arraignment of the accused and his plea to the charge"). Accordingly, any error in the exercise of the trial court's jurisdiction rendered appellant's sentence voidable, not void. *State v. Thompson*, 10th Dist. Franklin No. 19AP-359, 2020-Ohio-6756.

{¶29} In this case, appellant could have, but did not, raise his argument in a direct appeal. See *State v. Reynolds*, 79 Ohio St.3d 158, 679 N.E.2d 1131 (1997); *State v. Szefcyk*, 77 Ohio St.3d 93, 671 N.E.2d 233 (1996); *State v. Braden*, 10th Dist. No. 17AP-321, 2018-Ohio-1807. As appellant's sentence was voidable, res judicata bars appellant's claims in the present appeal. *State v. Christy*, 5th Dist. Fairfield No. 20-CA-

29, 2021-Ohio-1470, appeal not allowed, 164 Ohio St.3d 1405, 2021-Ohio-2742, 172 N.E.3d 162.

{¶30} Based on the foregoing, appellant's assignment of error is overruled.

{¶31} The February 16, 2021 judgment entry of the Fairfield County Court of Common Pleas is affirmed.

By Gwin, J.,

Baldwin, P.J., and

Wise, John, J. concur