[Cite as *State v. Greene*, 2025-Ohio-5279.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

RICHARD JAMES GREENE,

    DEFENDANT-APPELLANT.

CASE NO. 14-25-05

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Trial Court No. 18 CR 208

Judgment Affirmed

Date of Decision: November 24, 2025

APPEARANCES:

    *Alison Boggs* for Appellant

    *Andrew M. Bigler* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Richard James Greene ("Greene"), appeals from the January 21, 2025 journal entry issued by the Union County Court of Common Pleas, finding Greene violated his community control and imposing a 39-month reserved sentence. For the reasons that follow, we affirm.

## I. FACTS AND PROCEDURAL HISTORY

{¶2} In 2018, Greene was indicted on five felony counts. On July 22, 2020, Greene appeared at a hearing by video while incarcerated, because he was serving a prison sentence for a separate case. During the hearing, Greene entered guilty pleas to three of the counts: theft in violation of R.C. 2913.02(A)(1), a fifth-degree felony, and two counts of grand theft in violation of R.C. 2913.02(A)(1), fourth-degree felonies. The trial court found him guilty of the three counts and proceeded to sentencing on the same day. It ordered:

> On each of [the three counts], Defendant is placed on Community Control for a period of five (5) years. The period of Community Control is tolled during any time that the Defendant is incarcerated.

(July 24, 2020 Sentencing Entry). Notably, the record does not show that Greene filed any appeal from that July 24, 2020 sentencing entry, despite the record showing the court sent Greene a Notice of Appealable Order regarding that sentencing entry on July 24, 2020. The Sentencing Entry also stated: "Defendant

is further advised that he may appeal the proceedings herein within 30 days of this date."

{¶3} On January 21, 2025, the case came before the trial court for a hearing on community control violation charges. Greene admitted he violated his community control, and the court imposed a sentence totaling 39 months in prison. This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶4} Greene raises a single assignment of error for our review:

**Assignment of Error**

**The trial court erred when it imposed the previously ordered suspended prison sentence because the trial court's sentencing order placing appellant on community control is contrary to law.**

## III. DISCUSSION

{¶5} Relying on R.C. 2929.41 and R.C. 2929.15(A)(1), Greene's sole claim on appeal is that the trial court's *July 24, 2020* sentencing entry was contrary to law because it neither ran his community control concurrent nor consecutive to the time he was already serving in prison. He argues the trial court's "misstatement" that the period of community control would be tolled during any time he was incarcerated, without identifying if the community control sentence ran concurrent with or consecutive to the sentence he was currently serving, created a sentence contrary to law. As explained below, we do not reach the merits of his argument because res judicata applies to bar him from raising this claim now.

### A.     Applicable Law

**{¶6}** The void-sentencing doctrine recognizes two types of sentencing errors: errors that make the sentence void and errors that make the sentence merely voidable. *State v. Harper*, 2020-Ohio-2913, ¶ 20.   "Generally, a voidable judgment may be set aside only if successfully challenged on direct appeal." *Id.* at ¶ 26.

**{¶7}** "A sentence is void when a sentencing court lacks jurisdiction over the subject matter of the case or personal jurisdiction over the accused." *Id.* at ¶ 42.  On the other hand, sentences based on an error are voidable if the court imposing the sentence has jurisdiction over the case and the defendant. *State v. Henderson*, 2020-Ohio-4784, ¶ 27, 37 (plurality opinion); *see also State ex rel. Harris v. Hamilton Cty. Clerk of Courts*, 2022-Ohio-477, ¶ 8.  Once a tribunal has jurisdiction over both the subject matter of an action and the parties to it, its decision on every subsequent question is an exercise of the jurisdiction conferred. *Harper* at ¶ 26.

**{¶8}** "The doctrine of res judicata bars someone from raising a claim that could have been raised and litigated in a prior proceeding." *State v. Blanton*, 2022-Ohio-3985, ¶ 2.  Consequently, if a judgment is voidable, then the doctrine of res judicata bars a party from raising and litigating in any proceeding, except a direct appeal, claims that could have been raised in the trial court. *Henderson* at ¶ 19 (plurality opinion), citing *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus; *see also Harper* at ¶ 26.  Res judicata prevents "'endless relitigation

of an issue on which a defendant has already received a full and fair opportunity to be heard.'" *Harper* at ¶ 37, quoting *State v. Saxon*, 2006-Ohio-1245, ¶ 18; *see also State v. Thompson*, 2020-Ohio-6756, ¶ 6-13 (10th Dist.) (appellant's claim that his original sentence was contrary to law, and his appeal challenging that sentence years later after a community control violation, was barred by res judicata).

**B.    Analysis**

{¶9} The State argues we need not reach the merits of Greene's argument because his appeal is barred on res judicata principles. We agree.

{¶10} Greene does not dispute that the trial court had subject-matter jurisdiction over the case and personal jurisdiction over him. Thus, pursuant to the legal principles set forth above, the alleged error would render the trial court's judgment voidable, not void. *See also State v. Christy*, 2021-Ohio-1470, ¶ 3-4, 13, 22-23 (5th Dist.) (in an appeal from a 2020 order following the trial court revoking community control and imposing the balance of appellant's sentence, where appellant's argument on appeal was that the trial court initially erred in originally sentencing him to a term of community control consecutive to a prison term, appellant's original sentence was voidable, not void).

{¶11} Greene could have challenged the alleged error on direct appeal, but he did not. *See also State v. Robey*, 2021-Ohio-3884, ¶ 20 (5th Dist.) (courts have recognized that an appeal from a community-control-revocation hearing is not a direct appeal from a defendant's original conviction, and res judicata precludes

appellate review in such an appeal of issues that could have been raised in a direct appeal). Accordingly, because Greene could have raised his sole argument here in a direct appeal from the July 24, 2020 sentencing entry, but did not, his argument "is now barred by the doctrine of res judicata." *Harper*, 2020-Ohio-2913, at ¶ 41; *see also Thompson*, 2020-Ohio-6756, at ¶ 6-13 (10th Dist.); *Robey* at ¶ 25, 28-29; *Christy* at ¶ 26-27.

{¶12} Greene asserts his argument has finally become ripe for review and res judicata does not apply. According to Greene, the July 24, 2020 sentencing entry had no effect on him until there was a community control violation, which created "a real controversy between the parties." (Appellant's Brief at 3). In support, he cites *State v. Cook*, 2025-Ohio-946, ¶ 20 (5th Dist.). However, *Cook* never referenced res judicata; instead, the cited portion of the opinion involved a ripeness determination on an issue different from the one presented here. *See id.* at ¶ 19-20; *compare Robey* at ¶ 13-14, 19-20. Namely, the appellant in *Cook* argued the trial court failed to orally advise her of all potential sanctions for any violations of her community-control sentence. The appeals court decided the issue was not ripe for review because appellant might never violate her community-control sentence and, even if she did so, the trial court might hold a hearing and choose not to impose on her one or more additional community-control sanctions beyond those she currently faced. *Cook* at ¶ 17-23. The appellate court reasoned it did not need "to address

that hypothetical appeal from a violation hearing that may never happen." *Id.* at ¶ 19. We reject Greene's argument that res judicata does not apply here.

## IV. CONCLUSION

{¶13} For the foregoing reasons, Greene's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas.

***Judgment Affirmed***

**WALDICK, P.J. and WILLAMOWSKI, J., concur.**

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.


_____
Mark C. Miller, Judge


_____
Juergen A. Waldick, Judge


_____
John R. Willamowski, Judge


DATED:
/jlm