[Cite as *State v. Cook*, 2025-Ohio-946.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Robert G. Montgomery, P.J. |
| Plaintiff - Appellee | : | Hon. Kevin W. Popham, J. |
| | : | Hon. David M. Gormley, J. |
| -vs- | : | |
| | : | |
| CYNTHIA R. COOK | : | Case No. 24 CA 033 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:             Appeal from the Fairfield County
                                     Court of Common Pleas, Case No.
                                     23 CR 360

JUDGMENT:                            Affirmed

DATE OF JUDGMENT:                    March 19, 2025

APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

Brian T. Waltz                      Christopher C. Bazeley
Assistant Prosecuting Attorney      9200 Montgomery Rd., Suite 8A
239 West Main Street, Suite 101     Cincinnati, Ohio  45242
Lancaster, Ohio  43130

*Gormley, J.*

**{¶1}** At the sentencing hearing in Fairfield County for defendant Cynthia R. Cook on a felony charge of trespassing in a habitation, the trial judge sentenced Cook to an initial term of 45 days in the county jail. At that same hearing, the judge also ordered that Cook serve an additional 135-day jail sentence, but that additional jail sentence was — the judge explained — not to begin until a later date and might be suspended by him if Cook were on that later date in compliance with her community-control obligations in the case. Though Cook contends that the trial court's imposition of that conditional period of local incarceration was contrary to law, we find no error with the trial court's sentence. Cook's second argument — that the trial judge failed to advise her about all of the sanctions that could be imposed for a community-control violation — is not yet ripe for this court's review. We therefore affirm the trial court's judgment.

**Facts and Procedural History**

**{¶2}** Cook was charged with aggravated burglary stemming from an incident in which she broke a window and entered the apartment where her ex-boyfriend and his new girlfriend resided. A jury found Cook guilty of the lesser-included offense of trespassing in a habitation when a person was present or likely to be present, which is a fourth-degree felony. At the sentencing hearing in June 2024, the trial judge placed Cook under community-control supervision for five years. As part of the community-control sentence, the trial judge imposed a term of local incarceration consisting of 45 days in jail, which Cook had to begin serving within 14 days, and 135 additional days in jail, which Cook would begin serving on January 30, 2025. Before starting her 135-day sentence, Cook was — the judge explained at the June 2024 sentencing hearing — required to

attend a January 30, 2025 hearing where the judge would review Cook's progress on community control and would consider modifying or even vacating the additional jail sentence if Cook were doing well.  Cook now appeals.

## A Conditional Term of Incarceration is Not Contrary to Law

{¶3}    Cook first argues that the trial court's sentence imposing a conditional term of local incarceration was contrary to law.  We find, however, that the trial court's sentence is permitted by law.

{¶4}    In reviewing the sentence imposed by the trial court, we must determine — as R.C. 2953.08 directs — whether the sentence was contrary to law.  "It is well-established that no court has the authority to substitute a different sentence for that which is required by law."  *State v. Teagarden*, 2015-Ohio-2563, ¶ 28 (5th Dist.), citing *Colegrove v. Burns*, 175 Ohio St. 437, 438 (1964) ("[c]rimes are statutory, as are the penalties therefor, and the only sentence which a trial court may impose is that provided for by statute").  We examine the relevant statutory language to determine whether the trial court in this case imposed a sentence different from that provided for by law.

{¶5}    R.C. 2929.15 allows a trial court to impose one or more community-control sanctions for a felony when a prison term is not mandated for the crime in question.  The duration of any community-control sanctions cannot exceed five years.  *Id.*  R.C. 2929.16 permits the imposition of a "community residential sanction" for a defendant who is convicted of a felony offense that does not require a mandatory prison term.  A community-residential sanction — that is, time behind bars or locked doors in a non-prison setting — can include a term of up to six months in a jail.  R.C. 2929.16(A)(2).

{¶6} Cook contends that the language "a term of up to six months in a jail" in R.C. 2929.16(A)(2) means that the trial court is not authorized to impose two separate jail terms as part of a community-control sentence. We do not agree with Cook's interpretation of the trial court's sentence as two separate jail terms. And in any event, we do not read the language of the statute as requiring that any community-residential sanction be imposed in a single continuous or uninterrupted time period.

{¶7} In *State v. Farner* — a case cited by Cook — the trial court sentenced a felony defendant to a period of up to 180 days in the county jail, with 90 days of the sentence suspended on the condition that the defendant remain in compliance with all terms and conditions of her supervision and any other orders of the court. 2012-Ohio-317, ¶ 2 (5th Dist.). In that case, appellant served 90 days in jail and then subsequently violated her community control. *Id.* at ¶ 3. After a hearing, the trial court revoked appellant's community control and imposed the balance of the sentence. *Id.* at ¶ 7. The issue before this court in the *Farner* case was whether the trial court had correctly calculated appellant's jail-time credit.

{¶8} No language in *Farner* — and certainly nothing in R.C. 2929.15 or R.C. 2929.16 — prohibits, in a felony case, the trial court's imposition of a jail term that is to be served in two or more nonconsecutive time periods. Indeed, when the General Assembly intends that a jail sentence be served in a consecutive and uninterrupted manner, it includes that language in the statute. *See* R.C. 4511.19(G)(1)(a)(i) (the penalty for driving under the influence of alcohol or drugs under certain divisions of the statute is "a mandatory jail term of three consecutive days," which is further defined as "seventy-two consecutive hours").

**{¶9}** Because Cook was not subject to a mandatory term of incarceration or to a term of incarceration for which any jail days must be served consecutively, the trial court was not prohibited from imposing an initial jail sentence as well as a delayed jail sentence, with that latter sentence being one that Cook could perhaps avoid having to serve if she complied with the conditions of community control.

**{¶10}** We, therefore, conclude that the trial court's sentence was not contrary to law.

## The Additional Jail Sentence Imposed by the Trial Court Was Properly Reflected in the Document Attached to the Sentencing Entry

**{¶11}** Cook next argues that the trial court failed to include the conditional 135-day jail term in its sentencing entry.

**{¶12}** It is well-established law that a court speaks only through its entries. *Gaskins v. Shiplevy*, 76 Ohio St.3d 380, 382 (1996). Crim.R. 32(C) provides that "[a] judgment of conviction shall set forth the fact of conviction and the sentence." The rule also provides that "[t]he judge shall sign the judgment and the clerk shall enter it on the journal." *Id.*

**{¶13}** The trial court's June 20, 2024 sentencing entry does not mention the conditional 135-day jail term. A document entitled "Terms and Conditions of Supervision" was attached, however, to the sentencing entry and was filed on the same day and at the same time as that entry. That "Terms" document indicated that Cook was to serve 45 days in the jail starting within 14 days following the June 18, 2024 sentencing hearing and that she was to serve an additional 135 days in the jail, with those additional days being "subject to modification by the Court at review hearings." The first review hearing was — at the sentencing hearing — scheduled for January 30, 2025 at 9:00 a.m. Those written

terms and conditions of supervision were signed by the trial judge and also by Cook and by her lawyer at the June 18, 2024 sentencing hearing. The record therefore reflects that Cook was advised both orally at the sentencing hearing and in writing via the terms-and-conditions document attached to the sentencing entry that she was subject to a conditional jail sentence of 135 days on top of the 45-day jail sentence that is mentioned in the sentencing entry itself.

**{¶14}** We readily conclude that the sentence imposed by the trial court — including the conditional 135-day jail term — was properly reflected in the court orders that the trial judge filed as a single 11-page document two days after the sentencing hearing.

### The Issue of Whether the Trial Court Advised Cook of All Possible Sanctions for Violating her Community-Control Sentence is Not Yet Ripe

**{¶15}** Cook's last argument is that the trial court failed to advise her of all the sanctions that could be imposed for any violations by her of her community-control sentence.

**{¶16}** Cook contends that although the trial court advised her at the sentencing hearing about the possible prison term that faced if she violated the conditions of her community-control sentence, the judge should, in her view, have told her at the hearing about the possibility that the judge could — in the words of R.C. 2929.19(B)(4) — "impose a more restrictive [community-control] sanction" on her if she violated her obligations under the initial community-control sentence. (Cook also faults the trial judge for failing to say at the sentencing hearing that — again, in the words of R.C. 2929.19(B)(4) — the judge could impose "a longer time under [community-control supervision]" were Cook to violate her initial community-control conditions, but of course any such statement by the

judge would in fact have been erroneous because the initial supervision period was set at the maximum five-year period, thereby meaning that Cook did not face the prospect of "a longer time" under supervision no matter how poorly she performed while under supervision.)

{¶17} Cook acknowledges that the sentencing entry itself properly advised her about the possibility that the trial court could impose more restrictive community-control sanctions on her if she violated her initial community-control terms, so the question here is simply whether the trial court erred in failing to state that same information aloud at the sentencing hearing.

{¶18} Of course, if Cook in the future violates her community-control sentence in some way, the trial court may or may not impose a prison term and may or may not impose more restrictive community-control sanctions on her. Any determination about that would be made only after a hearing held in front of a judge. If such a hearing were ever held, and if at that hearing the judge chose to impose on Cook one or more additional community-control sanctions beyond those that she currently faces, she might then have a basis to appeal.

{¶19} Today is not the day, however, for us to address that hypothetical appeal from a violation hearing that may never happen. The issue is, in short, not ripe for review now.

{¶20} "For a cause to be justiciable, there must exist a real controversy presenting issues which are ripe for judicial resolution and which will have a direct and immediate impact on the parties." *State v. Stambaugh*, 34 Ohio St.3d 34, 38 (1987) (Douglas, J., concurring in part and dissenting in part), citing *Burger Brewing Co. v. Liquor Control*

*Comm.*, 34 Ohio St.2d 93, 97–98 (1973). Generally, a claim is not ripe if the claim rests upon "future events that may not occur as anticipated, or may not occur at all." *State v. Ellis*, 2003-Ohio-2243, ¶ 14 (4th Dist.), quoting *Texas v. United States*, 523 U.S. 296, 300 (1998). "To determine whether an issue is ripe for judicial review, the court must weigh (1) the likelihood that the alleged future harm will ever occur, (2) the likelihood that delayed review will cause hardship to the parties, and (3) whether the factual record is sufficiently developed to provide fair adjudication." *Ellis* at ¶ 14, citing *Ohio Forestry Assn., Inc. v. Sierra Club*, 523 U.S. 726, 731–733 (1998).

**{¶21}** In this case, two events would need to occur before Cook's issue would be ripe for judicial review: (1) Cook would need to violate her existing community-control sentence, and (2) the trial court would need to impose a more restrictive community-control sanction beyond those now in place for Cook.

**{¶22}** First, of course, either one of those events might not occur at all. Second, nothing in the record indicates that Cook will endure any hardship by having to wait to see if both events do in fact occur. Finally, the imposition of more restrictive community-control sanctions depends on a multitude of factors, some of which have not even occurred yet. *See State v. Johnson*, 2005-Ohio-319, ¶ 8 (6th Dist.), quoting *State v. Ogle*, 2002 WL 313386, *2 (6th Dist. Mar. 1, 2002) ("an assignment of error raising questions concerning R.C. 2929.15(B) is ripe for review only when 'the actual sentencing order imposes a prison term for the violation of community control sanctions'").

**{¶23}** We find that the issue of whether Cook could in the future be subject to more restrictive community-control sanctions than those imposed on her at the June 2024 sentencing hearing is not ripe for judicial review now.

**{¶24}** For the reasons explained above, we affirm the judgment of the trial court.


By: Gormley, J.

Montgomery, P.J. and

Popham, J. concur.