**[Cite as *State v. Shinal*, 2025-Ohio-1242.]**

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | : | JUDGES: |
| | : | Hon. Craig R. Baldwin, P.J. |
| Plaintiff - Appellee | : | Hon. Andrew J. King, J. |
| | : | Hon. Kevin W. Popham, J. |
| -vs- | : | |
| | : | |
| MARCUS L. SHINAL, | : | Case No. 24 CAA 09 0057 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Delaware County
Court of Common Pleas, Case No.
24 CRI 01 0007

JUDGMENT:      Affirmed

DATE OF JUDGMENT:      April 8, 2025

APPEARANCES:

For Plaintiff-Appellee

MELISSA A. SCHIFFEL
Prosecuting Attorney

By: KATHERYN L. MUNGER
Assistant Prosecuting Attorney
Delaware County Prosecutor's Office
145 North Union Street, 3rd Floor
Delaware, Ohio 43015

For Defendant-Appellant

APRIL F. CAMPBELL
Campbell Law, LLC
545 Metro Place South, Suite 100
Dublin, Ohio 43017

*Baldwin, P.J.*

{¶1}    The appellant appeals the trial court's acceptance of his guilty plea to one count of theft, and the sentence imposed by the trial court. Appellee is the State of Ohio.

## STATEMENT OF THE FACTS AND THE CASE

{¶2}    On or about January 3, 2024, Deputy Taylor Close was dispatched to Tanger Outlets in response to reports of a theft. The appellant was apprehended, and admitted to having stolen items valued at approximately $2,200.00 from the American Eagle outlet store. A criminal complaint was filed against the appellant on January 4, 2024, and he was appointed counsel the same day. The appellant was indicted on January 11, 2024, on one count of Theft in violation of R.C. 2913.02(A)(1) and (B)(2), a felony of the fifth degree. He was arraigned on January 29, 2024, at which time he pleaded not guilty.

{¶3}    The parties thereafter entered into a plea agreement in which the appellant pleaded guilty to one count of theft, a felony of the fifth degree, and the parties jointly recommend community control sanctions. A change of plea hearing took place on April 10, 2024, at which time the parties signed a Written Text of Criminal Rule 11 (F) Agreement form documenting the parties' agreement. In addition, the trial court engaged in the requisite Crim.R. 11 colloquy during the hearing before accepting the appellant's guilty plea. The court thereafter ordered preparation of a presentence investigation (PSI) and scheduled the matter for sentencing.

{¶4}    The sentencing hearing proceeded on August 2, 2024. The trial court reviewed the appellant's PSI, noting his history of retail fraud and theft charges as well as an active arrest warrant for a theft allegedly committed while he was on bond in the

within matter. Despite the appellant's history and risk to reoffend, the trial court sentenced the appellant to community control sanctions as jointly recommended by the parties, the only term of which was 150 days in jail in addition to the six days he had already spent in jail in the matter.

{¶5} The appellant filed a timely appeal, and his counsel filed a brief pursuant to *Anders v. California,* 386 U.S. 738 (1967), in which she sets forth the following potential assignment of error:

{¶6} "I. THE TRIAL COURT ERRED IN ACCEPTING SHINAL'S GUILTY PLEA UNDER CRIM.R. 11 AND ERRED IN SENTENCING HIM."

### STANDARD OF REVIEW

{¶7} The United States Supreme Court held in *Anders* that if, after conscientious examination of the record, an appellant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Id.* Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id.* Once the appellant's counsel has satisfied these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*

{¶8} Attorney April F. Campbell, the appellant's appellate counsel, filed an *Anders* brief and moved to withdraw on November 12, 2024, informing this Court that she had conscientiously examined the case, reviewed the entire record, researched all potential issues, and determined that there were no meritorious issues for review which would support an appeal. Attorney Campbell requested that this Court make an independent review of the record to determine whether there are any additional issues that would support an appeal. She served upon the appellant a copy of the Appellant's *Anders* Brief, as well as copies of the transcripts.

{¶9} This Court informed the appellant in a November 22, 2024, Judgment Entry that the Court received notice he had been informed by his attorney that an *Anders* brief had been filed on his behalf and provided notice that supplied the appellant with a copy. In addition, the appellant was granted sixty days from the date of the entry to file a pro se brief in support of his appeal. The appellant did not file a pro se brief.

{¶10} The record establishes that the appellant's counsel has satisfied the requirements set forth in *Anders*. Accordingly, we review the record in this case and determine whether any arguably meritorious issues exist, "… keeping in mind that, '*Anders* equates a frivolous appeal with one that presents issues lacking in arguable merit. An issue does not lack arguable merit merely because the prosecution can be expected to present a strong argument in reply or because it is uncertain whether a defendant will prevail on the issue on appeal. "An issue lacks arguable merit if, on the facts and law involved, no responsible contention can be made that it offers a basis for reversal." *State v. Pullen*, 2002-Ohio-6788, ¶ 4 (2nd Dist.); *State v. Marbury*, 2003-Ohio-3242, ¶ 7-8 (2nd Dist.); *State v. Chessman*, 2005-Ohio-2511, ¶ 16-17 (2nd Dist.).' *State*

*v. Moore*, 2009-Ohio-1416, ¶4 (2nd Dist.)." *State v. Reynolds*, 2024-Ohio-1956, ¶ 10 (5th Dist.).

**ANALYSIS**

**{¶11}** Appellate counsel submits as a potential assignment of error that the trial court erred in accepting the appellant's guilty pleas under Crim.R. 11 and in sentencing him. We disagree.

**{¶12}** Our review of the record establishes that the trial court complied with Crim.R. 11. The trial court engaged in a thorough colloquy with the appellant, advising him of the constitutional rights he was giving up; it informed him regarding maximum potential penalties, including the fact that by pleading guilty he was subject to a mandatory prison sentence; and, it made sure that he understood the potential sentence and that he may be subject to the imposition of post release control.

**{¶13}** The trial court also questioned the appellant to determine whether he was able to understand his plea, and whether his plea was validly entered, finding in the affirmative on both counts. Accordingly, the appellant's guilty plea was knowingly, voluntarily, and intelligently given, and there was no error in the trial court's acceptance of the appellant's plea of guilty to one count of theft.

**{¶14}** Nor did the trial court err in the sentence imposed upon the appellant. First, the appellant entered into a plea agreement with the appellee in which he agreed to plead guilty to the charge of theft, and the parties jointly recommended a sentence of community control sanctions. The trial court accepted the appellant's guilty plea and imposed the

jointly recommended community control sanction sentence.[1] R.C. 2953.08(D)(1) provides that "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." The trial court imposed the very sentence that the parties had recommended – that is, community control sanctions. As such, the appellant's sentence is not subject to review.

{¶15} Furthermore, even if the appellant's sentence was subject to review, it does not constitute reversible error. Felony sentences are reviewed under R.C. 2953.08(G)(2). *State v. Goings*, 2014-Ohio-2322, ¶ 20 (6th Dist.). An appellate court may increase, modify, or vacate and remand a judgment only if it clearly and convincingly finds either "(a) the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant," or "(b) the sentence is otherwise contrary to law." *Id*. See, also, *State v. Yeager*, 2016-Ohio-4759, ¶ 7 (6th Dist.). In the case sub judice, the sentence imposed by the trial court was within the statutory parameters.  Accordingly, the trial court did not err with regard to the sentence imposed upon the appellant.

---

[1] The trial court's imposition of 150 days in jail is a permissible community control sanction. ". . . R.C. 2929.16 permits the imposition of a 'community residential sanction' for a defendant who is convicted of a felony offense that does not require a mandatory prison term. A community-residential sanction — that is, time behind bars or locked doors in a non-prison setting — can include a term of up to six months in a jail. R.C. 2929.16(A)(2)." *State v. Cook*, 2025-Ohio-946, ¶ 5 (5th Dist.).

## CONCLUSION

{¶16} Based upon the foregoing, and after independently reviewing the record, we agree with appellate counsel's conclusion that no non-frivolous claims exist that would justify remand or review of the appellant's conviction or sentence. We therefore find the appeal to be wholly frivolous under *Anders.* Attorney Campbell's motion to withdraw as counsel for the appellant is hereby granted, and the judgment of the Delaware County Court of Common Pleas is affirmed.

By: Baldwin, P.J.

King, J. and

Popham, J. concur.