[Cite as *State v. Boone*, 2023-Ohio-2017.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 22CA011849 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| RICHARD BOONE | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 15CR091434 |

DECISION AND JOURNAL ENTRY

Dated: June 20, 2023

SUTTON, Presiding Judge.

{¶1} Defendant-Appellant Richard Boone appeals from the judgment of the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} On April 15, 2015, Mr. Boone was indicted by a grand jury on one count of nonsupport of dependents, in violation of R.C. 2919.21(B), a felony of the fourth degree. He pleaded guilty to the charge on September 28, 2016, and was sentenced on December 15, 2016. The trial court sentenced Mr. Boone to a period of community control, which included a condition that he pay his current support obligation, including an arrearage of over $34,000.

{¶3} Not long after he was sentenced, Mr. Boone began violating the conditions of his community control by failing to make support payments and testing positive for drugs. At subsequent hearings on his community control violations, Mr. Boone indicated to the trial court that he wished to withdraw his original guilty plea to the charge for numerous reasons, including

because his daughter had been emancipated, his support payments were incorrectly calculated, and the trial court lacked jurisdiction. The trial court denied the oral motion made by Mr. Boone to withdraw his guilty plea at the December 19, 2018 hearing on the community control violation. No written motion to withdraw his guilty plea was ever filed with the trial court.

{¶4} At the January 12, 2022 community control violation hearing, Mr. Boone was sentenced to 10 months in prison for his multiple community control violations. It is from that sentence that Mr. Boone timely appealed, citing three errors for this Court's review. Certain assignments of error have been reordered to facilitate our review.

II.

### ASSIGNMENT OF ERROR III

**THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO VACATE MR. BOONE'S PLEA.**

{¶5} In his third assignment of error, Mr. Boone argues that the trial court erred by not withdrawing his guilty plea after he repeatedly asked the trial court to vacate his guilty plea after sentencing and during hearings on his subsequent community control violations. For the reasons that follow, we disagree.

{¶6} Crim.R. 32.1 states: "[a] motion to withdraw a plea of guilty or no contest may be made *only before* sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." (Emphasis added.) "Post-sentence relief under Crim.R. 32.1 is only available in extraordinary cases characterized by 'a fundamental flaw in the plea proceedings resulting in a miscarriage of justice.'" *State v. Moton*, 9th Dist. Summit No. 29982, 2022-Ohio-780, ¶ 5, citing *State v. Straley*, 159 Ohio St.3d 82, 2019-Ohio-5206, ¶ 14. Res judicata bars the assertion of claims in a post-sentence motion under Crim.R. 32.1 when those claims were or could have been raised on direct

appeal. *See Moton* at ¶ 5, *Straley* at ¶ 15, 23; *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. This Court reviews a decision to grant or deny a motion to withdraw a plea for an abuse of discretion. *See State v. Smith*, 49 Ohio St.2d 261 (1977), paragraph two of the syllabus.

{¶7} In support of his oral motion to withdraw the plea made on December 19, 2018, Mr. Boone argued he wished to withdraw his guilty plea because: (1) his child support obligation had been improperly calculated; (2) he had fulfilled his child support obligations; and (3) his indictment was defective. However, Mr. Boone could have raised these arguments in a direct appeal so res judicata barred him from raising them in a Crim.R. 32.1 motion. *See generally Moton* at ¶ 6; *Straley* at ¶ 23, citing *State v. Sarkozy*, 117 Ohio St.3d 86, 2008-Ohio-509, paragraph one of the syllabus; *Ketterer* at ¶ 59-60. *See also State ex rel. McCuller v. Cuyahoga Cty. Court of Common Pleas*, 143 Ohio St.3d 130, 2015-Ohio-1563, ¶ 17; *State v. Jones*, 8th Dist. Cuyahoga No. 107743, 2019-Ohio-2233, ¶ 23; *State v. McGowan*, 11th Dist. Ashtabula No. 2016-A-0052, 2017-Ohio7124, ¶ 20. Accordingly, the trial court did not abuse its discretion by denying Mr. Boone's motion to withdraw his guilty plea.

{¶8} Mr. Boone's third assignment of error is overruled.

### ASSIGNMENT OF ERROR I

**MR. BOONE WAS DEPRIVED OF HIS RIGHTS TO EFFECTIVE ASSISTANCE OF COUNSEL BY TRIAL COUNSEL'S FAILURE TO FAIRLY AND ADEQUATELY PROTECT HIS INTEREST IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE, SECTION TEN OF THE OHIO CONSTITUTION.**

{¶9} In his first assignment of error, Mr. Boone argues that his trial counsel was ineffective because trial counsel failed to file a written motion to withdraw Mr. Boone's guilty plea. For the reasons that follow, we disagree,

{¶10} "[I]n Ohio, a properly licensed attorney is presumed competent." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, ¶ 62. To prevail on a claim of ineffective assistance of counsel, Mr. Boone must establish (1) that his counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). A deficient performance is one that falls below an objective standard of reasonable representation. *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus. To establish prejudice, Mr. Boone must show there existed a reasonable probability that, but for his counsel's errors, the outcome of the proceeding would have been different. *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶11} Mr. Boone argues that he received ineffective assistance of counsel because his trial counsel failed to file a written motion to withdraw his guilty plea. Ohio courts have long held that trial counsel is not ineffective for failing to file a motion that had no "reasonable probability of success[.]" *State v. Clutter*, 9th Dist. Summit No. 24096, 2008-Ohio-3954, ¶ 19; *State v. Jones*, 10th Dist. Franklin Nos. 18AP-33, 18AP-34, 2019-Ohio-2134, ¶ 52; *State v. Adkins*, 4th Dist. Athens No. 04CA34, 2005-Ohio-2577, ¶ 14.

{¶12} This Court has already determined in our resolution of Mr. Boone's third assignment of error that the trial court did not err when it denied Mr. Boone's oral motion to withdraw his plea. As a result, Mr. Boone's counsel was not ineffective for failing to file a written version of the same motion and his argument in this regard lacks merit.

{¶13} Mr. Boone's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ABUSED ITS DISCRETION IN SENTENCING MR. BOONE DESPITE EVIDENCE THAT HE HAD NO ABILITY TO PAY IN VIOLATION OF R.C. 2919.21(D).**

**{¶14}** In his second assignment of error, Mr. Boone argues that the trial court abused its discretion in sentencing Mr. Boone. For the reasons that follow, we overrule this assignment of error.

**{¶15}** Here, Mr. Boone appeals from judgment of the Lorain County Court of Common Pleas sentencing him to 10 months in prison for a community control violation. However, Ohio courts have long recognized that an appeal from a community control revocation hearing "is not a direct appeal from a defendant's original conviction" and that "res judicata precludes appellate review in such an appeal of issues that could have been raised in a direct appeal." *State v. Robey*, 5th Dist. Fairfield No. 2021-CA-00010, 2021-Ohio-3884, ¶ 20, quoting *State v. Turner*, 8th Dist. Cuyahoga No. 106123, 2018-Ohio-2730; *See also State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031. As the Ohio Supreme Court held in *Walker v. Maxwell*, 1 Ohio St.2d 136, 137-138 (1965):

> The General Assembly has provided an adequate post-conviction remedy by appeal for the review of alleged errors in the conviction of an accused, and, once a conviction is had, prior irregularities merge into the judgment and must be raised by appeal. The validity of such judgment cannot be questioned by collateral attack. This remedy is available to all persons as a matter of right within 30 days after conviction and by motion for leave to appeal at any time. Where an accused has failed to pursue his appeal within the statutory period for appeals as a matter of right he has available to him the motion for leave to appeal. This is not an empty right. If the accused can show reasonable grounds for his delay in pursuing his appeal as a matter of right within the statutory period or if the failure to grant such appeal would result in a clear miscarriage of justice, to deny such motion would constitute an abuse of discretion.

Here, Mr. Boone is attempting to collaterally attack his original conviction through an appeal of a community control violation. As stated above, appellate review of the original conviction through

an appeal of a community control violation is barred by res judicata. Any review of alleged errors in the original conviction must be raised in an appeal of the original conviction, a remedy Mr. Boone has not pursued.

{¶16} Mr. Boone's second assignment of error is overruled.

III.

{¶17} Mr. Boone's first, second, and third assignments of error are overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETTY SUTTON
FOR THE COURT

STEVENSON, J.
FLAGG LANZINGER, J.
CONCUR.


APPEARANCES:

GIOVANNA BREMKE, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.