[Cite as *State v. Williamson*, 2025-Ohio-4564.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

STATE OF OHIO,                            :        APPEAL NO.    C-240692
                                                   TRIAL NO.     B-1403647
    Plaintiff-Appellee,           :

  vs.                                 :
                                                   *JUDGMENT ENTRY*
KEVAN WILLIAMSON,                         :

    Defendant-Appellant.          :


This cause was heard upon the appeal, the record, and the briefs.

For the reasons set forth in the Opinion filed this date, the judgment of the trial court is affirmed.

Further, the court holds that there were reasonable grounds for this appeal, allows no penalty, and orders that costs be taxed under App.R. 24.

The court further orders that (1) a copy of this Judgment with a copy of the Opinion attached constitutes the mandate, and (2) the mandate be sent to the trial court for execution under App.R. 27.


**To the clerk:**

**Enter upon the journal of the court on 10/1/2025 per order of the court.**


**By:**_____
      **Administrative Judge**

[Cite as *State v. Williamson*, 2025-Ohio-4564.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240692 |
| | | TRIAL NO. B-1403647 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N* |
| KEVAN WILLIAMSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: October 1, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Scott Heenan,* Chief Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Timothy McKenna*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

**{¶1}** Ten years ago, defendant-appellant Kevan Williamson pled guilty to rape and gross sexual imposition ("GSI") and agreed to a sentence of ten years in prison, followed by five years of community control, with a looming threat of ten additional years in prison should Williamson violate the conditions of that community control.

**{¶2}** Shortly after Williamson's release from his initial prison term, the trial court found that Williamson had violated a condition of his community control and imposed the threatened ten-year prison term. Williamson now appeals that sentence, arguing that his original community-control term was unlawfully imposed, and that his new ten-year sentence is not supported by the record.

**{¶3}** Because Williamson's 2015 sentence is res judicata, and because his new sentence was imposed pursuant to a joint recommendation, we reject both of Williamson's arguments and affirm the trial court's judgment.

## I. BACKGROUND

**{¶4}** In July 2014, Williamson was indicted on two charges of felonious assault under R.C. 2903.11(A)(1) and (2), felonies of the second degree; two charges of domestic violence under R.C. 2919.25(A), misdemeanors of the first degree; one charge of assault under R.C. 2903.13(A), a misdemeanor of the first degree; and eight counts of rape of a person less than 13 years old under R.C. 2907.02(A)(1)(b), felonies of the first degree. Williamson pled not guilty.

**{¶5}** About a year later, Williamson reached a deal with the prosecution. Williamson agreed to plead guilty, and, in exchange, the State agreed to drop the domestic-violence, assault, and felonious-assault charges, as well as four of the eight counts of rape. The State further agreed to reduce two of the remaining four rape

charges to GSI under R.C. 2907.05(A)(4), a felony of the third degree. This left Williamson to plead to two counts of first-degree felony rape and two counts of third-degree felony GSI. The parties also agreed on a recommended sentence: concurrent ten-year prison terms for each of the rape counts, followed by concurrent five-year terms of community control on the GSI counts. The change-of-plea form detailed that Williamson's community-control terms were "to commence on [Williamson's] release from [the Department of Corrections] to receive 10 yrs on [a community-control] violation, if he violated probation for any reason." The trial court accepted Williamson's guilty plea and imposed the agreed upon sentence.

{¶6}   At the plea hearing, Williamson's attorney stated for the record that Williamson had also been offered, and had rejected, an alternative plea agreement that had included a recommended sentence of a "flat 13 years with no community control."

{¶7}   In mid-2024, after Williamson had been released from prison, officers discovered "pornographic images" on Williamson's phone, which they said Williamson had "text messaged to another individual." Believing this to violate the conditions of his community control, the State filed a complaint against and arrest warrant for Williamson.

{¶8}   At his community-control-revocation hearing, Williamson admitted that he had sent and received the images, which the State submitted into evidence. The trial court determined that these images constituted possession of "sexually-oriented erotica," which was prohibited by the conditions of community control, and so revoked Williamson's community control. The trial court then imposed the full ten-year prison sentence referenced in his 2015 change-of-plea form, less 549 days for time served. This appeal timely followed.

**II. ANALYSIS**

{¶9} On appeal, Williamson does not challenge the trial court's finding that the images found on his phone were "sexually-oriented erotica," and we therefore accept the trial court's conclusion that Williamson's possession of the images violated the terms of his community control. Instead, Williamson argues (A) that the community-control portion of his 2015 sentence was invalid, because Ohio law does not permit a trial court to impose a prison term followed by a consecutive term of community control, and (B) that his sentences lacked support in the record. We address each in turn.

### A. *Legality of Williamson's 2015 Sentence*

{¶10} Williamson's first assignment of error contends that the trial court's 2015 sentence was unlawful because it imposed a term of community control consecutive to a prison term. Although Williamson is correct about the illegality of his sentence, he is incorrect that this has any bearing on this appeal.

{¶11} Ohio's sentencing statutes prohibit a sentencing court from imposing a "split sentence," i.e., a sentence that imposes both a prison term and a subsequent term of community control for a single offense. *See State v. Anderson*, 2015-Ohio-2089, ¶ 31; *State v. Paige*, 2018-Ohio-813, ¶ 6. Even when a defendant is convicted of multiple offenses, the trial court may not "impose community-control sanctions on one felony count to be served consecutively to a prison term imposed on another felony count," absent express statutory authority. *State v. Hitchcock*, 2019-Ohio-3246, ¶ 1 (lead opinion of Fischer, J.).

{¶12} Under *Hitchcock*, Williamson's 2015 sentences were unlawful. After accepting Williamson's plea, the trial court imposed prison terms on two counts, to be followed by terms of community control on two others, "commencing upon release

from the Department of Corrections." Because the community control terms were to run "consecutively to [the] prison term[s] imposed on another felony count," they were unlawful. *See Hitchcock* at ¶ 1.

**{¶13}** But the sentence on appeal in this case is not Williamson's 2015 sentence; it is the sentence imposed following the revocation of his community control. The proper question, therefore, is whether the trial court could sanction Williamson for his community-control violation, given that his term of community control was unlawfully imposed. Under binding precedent, the trial court surely could. The error in Williamson's 2015 sentence rendered it not *void*, but *voidable*. Williamson did not challenge that sentence on appeal, so neither the trial court nor this court are now empowered to vacate it.

**{¶14}** A sentence is part of a trial court's final judgment of conviction. *State v. Lester*, 2011-Ohio-5204, paragraph one of the syllabus; *State v. White*, 2019-Ohio-1215, ¶ 13; Crim.R. 32(C). An erroneous but otherwise valid judgment is said to be "voidable," and can be modified or set aside (1) by an appellate court on direct appeal or (2) through procedures designed to overcome the barrier of finality, like a petition for postconviction relief under R.C. 2953.21 or a motion to set aside a conviction and withdraw a plea under Crim.R. 32.1. A voidable domestic judgment that has not been voided through one of these procedures is res judicata and enforceable, even if erroneous. *See In re K.K.*, 2022-Ohio-3888, ¶ 60; *Hart v. Manahan*, 70 Ohio St. 189 (1904), syllabus (holding that a judgment that "is voidable merely" and "has not been reversed or modified, but remains in full force and unsatisfied," may be "enforce[d] in any proper action or proceeding, or by any lawful process").

**{¶15}** But where a trial court "lacks jurisdiction over the subject matter of the

case or personal jurisdiction over the accused," any judgment it purports to enter is void ab initio. *See State v. Harper*, 2020-Ohio-2913, ¶ 42; *State v. Henderson*, 2020-Ohio-4784, ¶ 27. A void judgment is, in the eyes of the law, nothing more than a piece of paper with an unenforceable threat or promise—"a mere nullity" that "can be disregarded." *Henderson* at ¶ 17, citing *Tari v. State*, 117 Ohio St. 481, 494 (1927). A void judgment should be given no legal effect, including in a community-control-revocation context. *See Miller v. Nelson-Miller*, 2012-Ohio-2845, ¶ 12, quoting *Cochran's Heirs' Lessee v. Loring*, 17 Ohio 409, 423 (1848) (act or judgment of court "without power or jurisdiction" is "wholly void, and is as though it had not been done").

{**¶16**} The Ohio Supreme Court has been very clear in recent years: where a court has both subject-matter and personal jurisdiction to sentence a defendant, but errs in its exercise of that sentencing authority, the resultant judgment and sentence are *voidable*, but not *void*. *See Harper* at ¶ 42; *Henderson* at ¶ 37. While a judgment that includes an erroneous sentence may be reversed or set aside on direct appeal, it is otherwise entitled to the same finality as any other judgment. *See Harper* at ¶ 43 ("[A]ny claim that the trial court has failed to properly impose postrelease control in the sentence must be brought on appeal from the judgment of conviction or the sentence will be subject to res judicata.").

{**¶17**} Williamson's 2015 judgment of conviction and sentence—though illegal under *Hitchcock*—was not void, because it was entered by a court of competent jurisdiction. Williamson's original sentence is therefore res judicata. It has merged into the 2015 judgment, which can only be reopened by employing procedures fit for that purpose. Because a community-control-revocation hearing is not such a proceeding, the court below would have been powerless to reopen the judgment, had Williamson raised the issue. Likewise, we lack any power to reverse or modify

Williamson's original sentence, as that original sentence is not the one currently on appeal. *See* R.C. 2505.02(B) (granting authority to "review[], affirm[], modif[y], or reverse[]" final orders appealed).

{¶18} Williamson's original judgment of conviction and sentence, which imposed his terms of community control, was not void and has not been reversed, set aside, or reopened. It is a valid judgment that, however contrary to law, may be enforced against him. Accordingly, Williamson's first assignment of error is overruled.

### B. Validity of Williamson's 2024 Sentence

{¶19} In his second assignment of error, Williamson argues that "the record does not support the trial court's findings" supporting his new sentence, imposed following the community-control-revocation hearing.

{¶20} In general, this court's authority to review felony sentences comes from R.C. 2953.08. That section excepts from our review, however, any sentence that was (1) "recommended jointly by the defendant and the prosecution in the case," (2) "imposed by a sentencing judge," and (3) "authorized by law." R.C. 2953.08(D)(1). Williamson's sentence satisfies all three criteria, so we cannot review it.

{¶21} *First,* Williamson's sentence was jointly recommended by Williamson and the State. Williamson's 2015 change-of-plea form, which bears his signature, stated that Williamson "underst[oo]d and acknowledge[d]" that he would be subject to community control upon his release, and that he would "receive 10 yrs on C.C. [i.e., community-control] violation, if he violated probation for any reason." This was not a mere warning as to an upper bound for any hypothetical community-control offense; it was an agreed term of incarceration, should a violation occur. The ten-year prison sentence imposed following the revocation of Williamson's community control thus precisely matched the sentence "recommended jointly by the defendant and the

8

prosecution in the case." *See* R.C. 2953.08(D)(1). Indeed, the looming threat of a harsh, ten-year sentence for any community-control violation was part of Williamson's plea bargain. The State had offered Williamson an alternative agreement that recommended a "flat 13 years with no community control." But Williamson, against his attorney's advice, accepted the deal that came with a shorter recommended prison term, but required a subsequent period of community control backed by stringent sanctions.

**{¶22}** *Second*, the trial judge imposed that jointly-recommended, ten-year sentence when it ultimately revoked Williamson's community control in the proceedings below.

**{¶23}** *Third*, the ten-year sentence Williamson received was authorized by law. A prison term imposed for a community-control violation must be within both "the range of prison terms available as a definite term for the offense for which the sanction that was violated was imposed" and "the range of terms specified in the notice provided to the offender at the sentencing hearing." R.C. 2929.15(B)(3). Here, the ten-year agreed sentence for the community-control violation was the sum of the maximum prison terms that could have been imposed on the two GSI counts (five years each) run consecutively. The trial court gave Williamson due notice of this potential ten-year sentence at his 2015 sentencing hearing, stating, "[I]f you violate [community control], then you are facing another ten years if there is a violation for any reason during that five-year period." Further, in its entry of judgment following Williamson's original sentencing, the court noted that it had "advised the defendant that if he/she violates the terms and conditions of community control, the court would impose a prison term of ten (10) years in the department of corrections." The ten-year sentence therefore met both of the relevant criteria in R.C. 2929.15(B)(3).

**{¶24}** The illegality of Williamson's original sentence does not alter this calculus. Williamson contends that his new sentence is "contrary to law" because it was imposed for a violation of unlawfully-imposed community control. His argument, however, is barred by res judicata. Williamson, at least in theory, could have challenged the legality of his community-control term on a direct appeal from his original conviction. Because he did not do so, his original judgment imposing community control remains enforceable and estops him from relitigating that issue now. A court does not act contrary to law by imposing an otherwise-valid prison sentence as a sanction for violating an enforceable community-control sentence. Our sister districts to have considered similar arguments have unanimously agreed on this point. *See, e.g.*, *State v. Robey*, 2021-Ohio-3884, ¶ 20, 28-29 (5th Dist.); *State v. Miller*, 2024-Ohio-5326, ¶ 17 (8th Dist.); *State v. Boone*, 2023-Ohio-2017, ¶ 15 (9th Dist.); *State v. Thompson*, 2020-Ohio-6756, ¶ 11-13 (10th Dist.).

**{¶25}** Nor was Williamson's sentence contrary to law for want of consecutive-sentencing findings. When a court imposes nonmandatory consecutive sentences following a revocation of community-control, it must ordinarily make the on-the-record findings called for in R.C. 2929.14(C)(4). *See State v. Howard*, 2020-Ohio-3195, ¶ 25-27. But when parties jointly recommend a "sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the consecutive-sentence findings set out in R.C. 2929.14(C)(4)." *State v. Sergent*, 2016-Ohio-2696, ¶ 43; *accord State v. Williams*, 2025-Ohio-1345, ¶ 43 (1st Dist.). Thus, the Ohio Supreme Court has held that, even when "a jointly recommended sentence includes nonmandatory consecutive sentences and the trial judge fails to make the consecutive-sentence findings set out in R.C. 2929.14(E)(4) [now R.C. 2929.14(C)(4)], the sentence is nevertheless 'authorized by law,' and therefore is

not appealable pursuant to R.C. 2953.08(D)(1)." *Sergent* at ¶ 30.

**{¶26}** Williamson and the State agreed to a fixed, ten-year sentence for any community-control violation, which necessarily meant running Williamson's two, five-year GSI sentences consecutively. Under *Sergeant*, the trial court was not obligated to make consecutive-sentencing findings pursuant to R.C. 2929.14(C)(4) at Williamson's community-control revocation hearing.

**{¶27}** Williamson's sentence thus meets all three criteria under R.C. 2953.08(D)(1), and we are without power to review it. Accordingly, we overrule Williamson's second assignment of error.

## III. CONCLUSION

**{¶28}** Having overruled Williamson's two assignments of error, we affirm his judgment of conviction and sentence for the community-control violation.

Judgment affirmed.

**NESTOR** and **MOORE, JJ.,** concur.